```
                                                              CLERK'S OFFICE U.S. DIST. COURT
                                                                    AT ROANOKE, VA
                                                                         FILED
```

IN THE UNITED STATES DISTRICT COURT           MAR 0 7 2008
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION                              JOHN F. CORCORAN, CLERK
                                              BY:
                                                    DEPUTY CLERK

| | |
|---|---|
| ROY STEVE DAVIS,                )   | |
|     Petitioner,     )  | Civil Action No. 7:08cv00200 |
|                  )   | |
| v.                              )   | **MEMORANDUM OPINION** |
|                                 )   | |
| TERRY O'BRIEN,                  )   | By: Hon. Glen E. Conrad |
|     Respondent.    )  | United States District Judge |

Petitioner Roy Steve Davis, Federal Register No. 16159-083, a federal inmate currently in custody at Federal Correctional Institution Schuylkill, in Minersville, Pennsylvania,[1] filed this pro se action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] Petitioner challenges prison disciplinary sanctions he received for "insolence" in violation of Bureau of Prisons ("BOP") offense code 312. Petitioner requests relief in the form of expungement of his disciplinary record and the return of 13 days of good conduct time ("GCT").

Upon review of the petition, the court finds that it is without merit and must be dismissed with prejudice.

### I. FACTUAL AND PROCEDURAL SUMMARY[3]

Petitioner states that, on August 2, 2007, while he was an inmate at Federal Correctional

---

[1] As of February 25, 2008, when petitioner signed and dated the petition, petitioner was incarcerated at United States Penitentiary Lee in Jonesville, Virginia. The envelope in which the petition was mailed is postmarked February 25, 2008. The petition was entered upon the docket on February 26, 2008. On February 29, 2008, the court received a change of address notice from petitioner, stating that he had been transferred to Pennsylvania.

[2] Upon a review of the United States Courts' electronic docketing system, the court notes that, as of this date, petitioner has applied for habeas relief at least twenty-one times. In all, petitioner has filed, as of this date, at least thirty-three actions in federal courts since 1992; at least fifteen of those actions have been styled as habeas petitions pursuant to § 2241.

[3] The facts have been adduced from Davis's petition, which consists, in its entirety, of a one-page, typed petition, and a copy of the BOP's National Appeals Administrator's denial of petitioner's appeal.

Institution Gilmer in Glenville, West Virginia, he was the subject of an incident report charging him with a violation of "codes [sic] 307 (refusing to obey an order)," but that the charge was "subsequently changed to 312 (insolence) toward [a] [sic] staff member" by the Discipline Hearing Officer ("DHO"). The DHO found petitioner guilty of offense code 312. Petitioner's conduct and the subsequent disciplinary hearing are summarized in the BOP's National Inmate Appeals Administrator's January 8, 2008, denial of his appeal, which the court quotes, verbatim:

> You appeal the August 15, 2007, decision of the Discipline Hearing Officer (DHO) in which you were found to have committed the prohibited act of Insolence, Code 312. You claim the staff member cited a Code 307, Refusing To Obey An Order, and the DHO changed it to a Code 312. For this reason, you request the incident report be expunged.
>
> Our review of your disciplinary proceedings indicates substantial compliance with Program Statement 5270.07, Inmate Discipline and Special Housing Units. The disciplinary record reflects your due process rights were reviewed with you by the DHO at the time of the hearing. The DHO's decision was based upon the greater weight of the evidence as detailed in Section V of the DHO report. We find it reasonable for the DHO to have made this determination based on the eyewitness account of the reporting officer. The DHO considered your statement, however, gave greater weight of the evidence to the eyewitness account of the reporting officer's statement. We concur the evidence supports the finding you committed the above prohibited act.
>
> P.S. 5270.07 states the DHO shall conduct hearings, make findings, and impose appropriate sanctions for incidents of inmate misconduct referred for disposition following the hearing before the [Unit Disciplinary Committee]. Furthermore, above-referenced policy states that after consideration of all the evidence presented at the hearing, the DHO may find the inmate committed the prohibited act charged and/or a similar prohibited act if reflected in the Incident Report. In your case, you were initially charged with violation of Code 307. However, the DHO determined that your actions, as reflected in Section 11 of the Incident Report, to be more consistent with Code 312, and sanctioned you accordingly.
>
> The DHO did not use video surveillance as evidence against you, therefore, he was not required to view video surveillance. Upon review of the disciplinary record, we find the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the DHO's decision, and appropriate sanctions were

imposed. Accordingly, your appeal is denied.

As the court has already noted, the foregoing summary reflects the entirety of the petition; petitioner has not submitted a copy of the incident report or any other document pertaining to the events on August 2, 2007, or the disciplinary hearing on August 15, 2007.

## II. ANALYSIS

Petitioner contends that "the incident report should have been expunged" because he was originally charged with offense code 307, but was found guilty of offense code 312. Petitioner does not allege that he did not engage in the conduct that forms the underlying basis of either charge; rather, he alleges only that he should not have been found guilty of an offense code with which he was not originally charged in the incident report.

### A. "SIMILAR PROHIBITED ACT"

In the first instance, the petition fails because 28 C.F.R. § 541.17(f)(1), the federal regulation that sets out the BOP's procedures before a discipline hearing officer and provides the operative language for Program Statement 5270.07, explicitly provides that a DHO may find that an inmate "[c]ommitted the prohibited act charged <u>and/or a similar prohibited act</u> if reflected in the incident report." (Emphasis added.) <u>See, also</u> <u>Noesi v. Bledsoe, et al.</u>, Civil Action No. 7:05-cv-00451, slip op. at 12 (W.D. Va. January 20, 2006) (citing 28 C.F.R. § 541.17(f)(1), and adding that the description of the incident in the incident report provides the inmate notice of the potential charges).

### B. DUE PROCESS

Construing the petition liberally, petitioner asserts that his due process rights were violated when he was found guilty of an offense code different from the offense code originally cited in the incident report.

3

In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court found that inmates subject to disciplinary hearings where they may lose good time credits are entitled to the following due process guarantees: (1) advanced written notice of the claimed violation; (2) disclosure of evidence against the defender; (3) the right to confront and cross-examine witnesses (unless the hearing officer finds good cause not to allow confrontation); (4) a neutral detached hearing body; and (5) a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken. Id. at 564-71.

Petitioner does not argue that the DHO failed to satisfy the guarantees mandated by Wolff, and petitioner's own submissions suggest that he received advanced written notice of the claimed violation, disclosure of the evidence against him, and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken. Id. Petitioner does not express any challenge to the neutrality or detachment of the hearing body, nor does he allege that he was not allowed to cross-examine witnesses at the hearing. Id. Significantly, his own submissions indicate that he was permitted to make a statement at the disciplinary hearing, and he admits that he received advanced written notice, because his petition indicates that he received the initial incident report on the day of the incident. Id. In short, petitioner raises no material dispute with the facts as summarized above.

Applying the Wolff standard, the petition must fail. The court observes that petitioner does not allege that the incident report failed to provide a factual description of the basis for the disciplinary charges. Given that the facts of the incident and the conduct described in the offense report remained unchanged, regardless of the title of the charge, petitioner fails to show that receiving notice of the offense code for which he was charged, yet subsequently being found guilty

4

of another charge, affected in any way his ability or his due process right to present a proper defense at the disciplinary hearing regarding the specific conduct at issue. See Smith v. Bureau of Prisons, et al., Civil Action No. 7:03-cv-00662, slip op. at 9-10 (W.D. Va. September 7, 2004) (concluding that the Wolff notice requirements had been met, regardless of belated delivery of the incident report to the inmate and alleged factual errors in the report, because the description of the incident in the incident report provided the inmate notice of the potential charges).

Moreover, petitioner does not dispute that he engaged in the conduct that led first to the initial charge under offense code 307 and then, after a disciplinary hearing with all the requisite due process, to the finding of guilt under offense code 312. Petitioner's acts were the basis of the disciplinary charges, and it is clear that petitioner received adequate procedural process regarding the alleged disciplinary infraction. Adequate procedural protections were provided, permitting petitioner to present a defense; the DHO, however, did not accept petitioner's defense. Federal courts will not review the accuracy of a disciplinary committee's finding of fact. Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). Such findings will only be disturbed if they are unsupported by any evidence or are wholly arbitrary and capricious. Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981), cert. denied, 455 U.S. 992 (1982); see also Chevron v. Natural Res. Def. Council, 467 U.S. 837, 844 (1984) (an agency's decisions are not to be second-guessed by federal courts unless they are arbitrary, capricious, or manifestly contrary to the statute). Petitioner has failed to make any such showing sufficient to displace the DHO's findings of fact. Therefore, the court finds that relief should be denied because it is clear that petitioner received adequate due process regarding the alleged disciplinary infraction.

### III. CONCLUSION

Based on the foregoing, the court finds that petitioner's claim lacks sufficient merit to warrant the requested relief. Accordingly, the court will dismiss the petition. An appropriate order will be entered this day.

ENTER: This 7th day of March, 2008.

_____
United States District Judge